UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ALEX VARGAS,

                                                          Plaintiff,       **STIPULATION OF**
                                                                                           **SETTLEMENT AND**
                       -against-                                         **DISMISSAL**

THE CITY OF NEW YORK DEPARTMENT OF       09 Civ. 02940 (SLT)( ALC)
HOUSING PRESERVATION AND
DEVELOPMENT,

                                                         Defendant.

------------------------------------------------------------------ X

**WHEREAS,** plaintiff commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of Kings on or about June 29, 2009, alleging discrimination based on disability, religion, denial of a reasonable accommodation, denial of overtime, hostile work environment, race/national origin[1] and retaliation, pursuant to the ADA, Title VII, § 1981, FMLA, FLSA, and the state and city HRL,[2] against defendant the City of New York Department of Housing Preservation and Development ("Defendant" or "City" or "HPD");

**WHEREAS,** defendant removed this action to the United States District Court for the Eastern District of New York on or about July 9, 2009;

---

[1] While the Complaint is brought pursuant to § 1981, plaintiff, who self-identifies as Hispanic, does not explicitly allege that he was discriminated against based on race (or national origin).

[2] "ADA" refers to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, et seq., "Title VII" refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, et seq., "§ 1981" refers to the Civil Rights Act of 1866, 42 U.S.C. § 1981, "FMLA" refers to Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., "FLSA" refers to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., "HRL" refers collectively to New York Executive Law §§ 296, et seq. and the New York City Administrative Code §§ 8-101, et seq.

**WHEREAS,** defendant denies each and every allegation set forth in the Complaint and any and all liability arising out of plaintiff's allegations;

**WHEREAS,** no party is an infant or incompetent for whom a committee has been appointed;

**WHEREAS,** there is no person not a party who has any interest in the subject matter of this proceeding; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without any admission of any fault or liability; **NOW, THEREFORE,**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as represented below, as follows:

1.  The above-captioned action is hereby withdrawn, discontinued, and dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below, to any party.

2.  Defendant hereby agrees to pay plaintiff the total gross sum of fifty-eight thousand dollars and zero cents ($58,000.00), less all applicable deductions and withholdings, in full and final settlement of any and all claims, including, but not limited to, claims of emotional damages, attorneys' fees and costs. Thirty thousand dollars and zero cents ($30,000.00) shall be designated from the total gross sum of $58,000.00 as attorneys' fees. The check shall be made payable to "Alex Vargas and Pamela A. Elisofon, as attorney." As additional consideration, defendant will provide neutral references, that is, references stating only objective and verifiable information limited to plaintiff's dates of employment with HPD, plaintiff's civil service and/or functional title(s) with HPD, and plaintiff's date of birth and social security number, to any

prospective employer of plaintiff, and provide plaintiff with certification by letter on City or HPD letterhead indicating plaintiff's dates of employment with HPD, plaintiff's civil service and/or functional title(s) with HPD, and plaintiff's date of birth and social security number.

3. In consideration for the actions to be taken by defendant as set forth in paragraph "2," plaintiff agrees to release and discharge defendant, its successors and assigns, and the City, its successors and assigns, and all present and former officials, employees, representatives and agents of defendant or the City, and their successors and assigns, (collectively "Released Parties"), from any and all liability, claims, or rights of action which plaintiff has or, may have resulting from anything which has happened to date, whether known or unknown, whether or not discoverable, and whether joint or several, including but not limited to, claims regarding, relating to, or arising out of the allegations set forth in the complaint in this action, and including all claims for costs, expenses and attorney fees.

4. Plaintiff's waiver, release, and discharge specifically includes, but is not limited to, claims arising under federal, state, or local laws prohibiting employment discrimination of any kind, including, without limitation, the ADA, Title VII, § 1981, FMLA, FLSA, the state and city HRL, and any and all claims under the United States Constitution, the common law or any statute.

5. By executing this agreement, plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. §626), (i) he enters into this Stipulation voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised to consult with an attorney before executing this Stipulation; (iii) he has been provided with at least a twenty-one (21) day period to review and consider whether to sign this

Stipulation and (iv) he has been advised that he has seven (7) days following his execution to revoke it (the "Revocation Period").

6. This Stipulation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice or revocation is delivered to defendant's counsel on or before 5:00 p.m. on the seventh day after the date of plaintiff's execution of this Stipulation. If so revoked, this Stipulation shall be deemed to be void <u>ab initio</u> and have no force or effect.

7. Plaintiff further acknowledges that he has carefully read and fully understands all the provisions of this Stipulation, and has thoroughly reviewed any releases and waivers contained herein, understood the effect of said releases and waivers before executing this Stipulation, and has been allowed a reasonable period of time within which to consider its terms. Plaintiff also acknowledges that he has executed this Stipulation freely, voluntarily, and with full knowledge of its terms and consequences, that he has been represented by counsel and that his counsel has discussed the terms of this Stipulation with plaintiff.

8. Simultaneous with plaintiff's execution of this Stipulation, plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this agreement, including, without limitation, a release based on the terms of this Stipulation, in the form annexed hereto as "Exhibit A," an Affidavit of No Liens in the form annexed hereto as "Exhibit B," and a completed Substitute Form W-9.

9. Nothing contained herein shall be deemed to be an admission by defendant of the truth of any of the allegations contained in the complaint, or an admission that defendant has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United

States, the State of New York, the City of New York, or the defendant, or any other rules, regulations or bylaws of any department or subdivision of the defendant, or the City of New York.

10. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except that the Stipulation may be used by either party in connection with any subsequent action or proceeding relating to enforcement of the Stipulation.

11. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, or the defendant.

12. In the event that a taxing authority or a court determines the payments made pursuant to this Stipulation are subject to personal income tax, any taxes, interest or penalties determined to be owed shall be the sole and complete responsibility of plaintiff and plaintiff shall not have a claim, right, or cause of action against the defendant or the City, or any former, present, or future officials, agents, employees, or representatives of the defendant or the City, or their successors and assigns, on account of such taxes. The City, and defendant, and their former, present, or future officials, agents, employees, or representatives or their successors and assigns, do not waive any claims they might have should any taxing authority proceed against them on account of any moneys paid under this Stipulation of Settlement and Dismissal.

13. This Stipulation of Settlement and Dismissal contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement and Dismissal regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         November 17, 2010

**PAMELA A. ELISOFON**
Attorney for Plaintiff
26 Court Street, Suite 2515
Brooklyn, New York 11242
(718) 852 – 1700
Pelisofon@yahoo.com

**MICHAEL A. CARDOZO**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-125
New York, New York 10007-2601
(212) 442-3229
dbarrett@law.nyc.gov

By: *Pamela A. Elisofon*
    Pamela Elisofon

By: *[signature]*
    Danielle J. Barrett
    Assistant Corporation Counsel

11/19/2010
Alex Vargas
PO Box 270433
Brooklyn, N.Y. 11224
*[signature]*

Sworn to before me
this 19th day of Nov. 2010
*Pamela A. Elisofon*

PAMELA A. ELISOFON
Notary Public, State of New York
No. 01EL4934133
Certified in Kings County
Commission Expires 02/02/20 14

**SO ORDERED:**

_____            _____
Date                                                        U.S.D.J.

# EXHIBIT A

## WAIVER AND GENERAL RELEASE

**KNOW THAT I, ALEX VARGAS**, the plaintiff in the action entitled <u>Alex Vargas v. The City of New York Department of Housing Preservation And Development</u>, pending in the United States District Court for the Eastern District of New York, under docket number 09 Civ. 02940 (SLT)( ALC), in consideration of: a) the total gross sum of fifty-eight thousand dollars and zero cents ($58,000.00); b) neutral references, that is, references stating only objective and verifiable information limited to plaintiff's dates of employment with The City of New York Department of Housing Preservation And Development ("HPD"), plaintiff's civil service and/or functional title(s) with HPD, and plaintiff's date of birth and social security number, to any prospective employer of plaintiff; and c) certification by letter on City or HPD letterhead indicating plaintiff's dates of employment with HPD, plaintiff's civil service and/or functional title(s) with HPD, and plaintiff's date of birth and social security number, do hereby release and discharge HPD, and the City of New York ("City"), and all respective successors, or assigns, and any and all past or present officials, employees, representatives and agents of the HPD or the City, and all their respective successors or assigns ("Released Parties"), from any and all liability, claims, or rights of action of any kind whatsoever, whether known or unknown, joint or several, whether discoverable or not, which I may have resulting from anything which has happened up to now, from the beginning of time until the date that I have executed this waiver and general release, including, but not limited to, age, race, gender, national origin, religion and all other discrimination and constitutional claims under federal, state, and local constitution and law, and all claims for costs, fees, expenses and attorney's fees and costs.

Plaintiff acknowledges that in accordance with the Older Workers Benefit Protection Act (i) he enters into this Release voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised by defendant to consult with an attorney

before executing this Release; (iii) he has been provided with at least a twenty-one (21) day period to review and consider whether to sign this Release; and (iv) he has been advised that he has seven (7) days following execution to revoke it (the "Revocation Period"). This Release will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice of revocation is delivered to defendant's counsel on or before 5:00 p.m. on the seventh day after execution of this Release. If so revoked, this Release shall be deemed to be void ab initio and have no force or effect.

**THIS RELEASE MAY NOT BE CHANGED ORALLY.**

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release this _19_ day of _November_, 2010.

_____
ALEX VARGAS

STATE OF NEW YORK        :
                         : ss:
COUNTY OF _Kings_        :

On the _19th_ day of _Nov._, 2010, personally came **ALEX VARGAS** to me known, and known to me to be the individual described in, and who executed the foregoing WAIVER AND GENERAL RELEASE, and duly acknowledged to me that he executed the same.

_____
Notary Public

PAMELA A. ELISOFON
Notary Public, State of New York
No. 01EL4834133
Certified in Kings County
Commission Expires 02/02/20_14_

- 2 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALEX VARGAS,

                                Plaintiff,

                 -against-

THE CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT,

                                Defendant.
------------------------------------------------------------x

**AFFIDAVIT CONCERNING LIENS**

09 Civ. 02940 (SLT)(ALC)

STATE OF NEW YORK     :
                                 ss:
COUNTY OF _Kings_     :

**ALEX VARGAS**, being duly sworn, deposes and says:

1. I am over 18 years old, am the Complainant herein and make this affidavit in connection with the settlement of this action. My social security number is _____. My date of birth is _09/25/67_. My home address is: _PO Box 240433 Brooklyn, N.Y. 11224_

2. There are no outstanding bills or liens against me or my property for obligations owed for treatment received at a New York City Health and Hospitals Corporation facility, nor for the receipt of Workers' Compensation or New York State Disability benefits, as a result of any incidents underlying this action.

3. I have never been a recipient of public assistance from the New York City Department of Social Services and do not owe child support.

                                                                       _____
                                                                          ALEX VARGAS

Sworn to before me this
_19th_ day of _Nov_, 2010.
_Pamela A. Elisofon_
     Notary Public

                                 PAMELA A. ELISOFON
                            Notary Public, State of New York
                                   No. 01EL4834133
                               Certified in Kings County
                          Commission Expires 02/02/20_14_

09 Civ. 02940 (SLT)(ALC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ALEX VARGAS,<br><br>                                                    Plaintiff,<br><br>                      -against-<br><br>CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION,<br><br>                                                    Defendant. |
| **STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendant<br>100 Church Street, Room 2-125<br>New York, NY 10007-2601<br><br><br>*Of Counsel:* Danielle J. Barrett<br>*Telephone:* (212) 442-3229<br><br><br>*Matter No.* 2009-024010 |
| *Due and timely service is hereby admitted.*<br><br>New York, N.Y. ..........................., 2010......<br><br>..................................................................<br><br>Attorney for ................................................... |